# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| BRYON CROWLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:13-CV-02079-ELR |
| | * | |
| GUARDED WIFI, LLC, GUARDED | * | |
| WIFI, LLC d/b/a GUARDED | * | |
| SYSTEMS, and ADNAN SYED, | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**O R D E R**

_____

This case is before the Court on a "Motion for Partial Summary Judgment" filed by Defendants Guarded WiFi, LLC, Guarded WiFi, LLC d/b/a Guarded Systems, and Adnan Syed. (Doc. No. 39.) The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Defendants' Motion for Partial Summary Judgment should be **DENIED IN PART AND GRANTED IN PART**.

## I. BACKGROUND

In June of 2009, Plaintiff Bryon Crowley was hired as an employee of Guarded WiFi, LLC ("Guarded Systems"), a company in the business of selling

internet services in the hospitality industry. (Doc. No. 41-1, ¶ 1.) Defendant Adnan Syed is the President and CEO of Guarded Systems and was Crowley's main point of contact for his employment with the company. Crowley worked in some capacity for Guarded Systems until sometime in 2012, though the parties dispute the exact nature of his job title and duties. At the beginning of his engagement with Guarded Systems he was an employee, but by the end his position had been altered and was more analogous to that of an independent contractor working solely for commissions. (Id., ¶ 22.) The parties initially agreed that Crowley was to be paid a salary, and that he would receive commission on sales that he generated as well as expense reimbursements and the potential for bonuses. However, in 2010 the arrangement changed and from that point on Crowley's only compensation was to be from commissions. (Id., ¶¶ 4, 7-8, 22.) Over time, Guarded Systems proved unable to pay Crowley all of the amounts owed to him under the terms of their agreement. (Id., ¶ 17.) Now, the parties dispute whether either party adequately performed their contractual duties, and whether Syed or Guarded Systems made false representations designed to keep Crowley working while they were unable to pay him.

Crowley filed this action on June 24, 2013, seeking damages for breach of contract, fraud in the inducement, and unjust enrichment. In addition to actual damages in the amount of $137,387.20, he seeks punitive damages, expenses of litigation and attorney's fees. Guarded Systems has counterclaimed, alleging

Crowley is liable for breach of contract, breach of fiduciary duty, fraud, interference with contractual relations, and interference with business relationships. (Doc. No. 8-1.) Subsequent to discovery, Defendants filed the instant motion for partial summary judgment.

## II. ANALYSIS

As an initial matter, the Court notes that Defendants' motion is procedurally questionable, if not defective, in a number of ways. For instance, Defendants have filed a Statement of Material Facts which is 44 paragraphs long and mirrors exactly the affidavit of Adnan Syed (the "Syed Affidavit").[1] This affidavit was not attached to the motion, but rather was filed separately.[2] (See Doc. No. 42.) Furthermore, Defendants mostly cite to the Syed Affidavit and the Complaint as support for their "Material Facts." Citations to the Complaint are inappropriate in a statement of material facts submitted in support of a motion for summary judgment, and are a violation of Rule 56.1(B)(1)(b) of the Northern District of Georgia's Local Rules. Moreover, the Complaint was not verified and cannot properly be considered as

---

[1] This is an unusual scenario and gives the Court pause, to say the least. It appears as if counsel could not be bothered to cull through the information provided during the discovery process, and so has opted to have his client sign a sworn statement upon which the entire case is based. In fact, Syed himself was deposed twice, but Defendants now rely heavily, if not exclusively, on his affidavit rather than his previously given testimony.

[2] The Court notes with some concern that the Syed Affidavit was filed as a document with an attachment, rather than as a single attachment, and that the signature of Mr. Syed was on the separate page which was filed as the attachment. While the Court cannot definitively say that this is improper, when considered together with all of the other procedural irregularities that have occurred, it does raise questions as to the validity of such a document. However, Defendants have represented to the Court that this is the full sworn statement of Mr. Syed, and the Court will not disregard it without evidence of wrongdoing.

3

evidence at the summary judgment stage. See Fowler v. Southern Bell Tel. & Tel. Co., 343 F.2d 150, 154 (5th Cir. 1965) ("[V]erified pleadings may in some circumstances be treated as affidavits in support of a motion for summary judgment….However, summary judgment is not warranted unless the verified pleadings meet the standard for affidavits laid down by Rule 56(e)"). Where Defendants have cited to depositions in their Statement of Material Facts, they have not attached those depositions to their motion, and have filed only some of the cited portions with the Court. It appears that counsel for Defendants was perhaps unfamiliar with the efile system, or otherwise unsure of the proper way to file his supporting documents, and improperly efiled each document as a separate event on the docket. However, the Court is willing to assume this was an inadvertent error, and will consider the documents that were filed as if they had been properly attached to the motion.

### a. Standard for Review

Summary judgment must be granted if the record shows that there "is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Materiality is determined by the controlling substantive law, and an issue is 'genuine' where the evidence is such that a reasonable jury could find in favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-250 (1986). "The district court should 'resolve all reasonable doubts about the facts in favor of the non-movant,' ... and draw 'all

justifiable inferences ... in his favor....'" United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991). The Court may only consider "evidence which can be reduced to an admissible form" at the summary judgment stage. Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005). Parties are required to submit Statements of Material Fact along with their motions, and Local Rule 56.1B(1) states that "[t]he court will not consider any fact … set out only in the brief." Furthermore, the Court is prohibited from weighing conflicting evidence and making credibility determinations. Hairston v. Gainesville Sun Publ. Co., 9 F.3d 913, 919 (11th Cir. 1993), r'hrg denied, 16 F.3d 1233 (1994) (en banc).

Additionally, the Eleventh Circuit recognizes the 'sham affidavit' rule which permits a district court to disregard an affidavit where that affidavit "contradicts [the affiant's prior] testimony on deposition." Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 656-657 (11th Cir. 1984). However, in order for the rule to apply, the affidavit must be "inherently inconsistent" with the deposition testimony. Id. Where the two are not in actual opposition, but are merely at odds, exclusion is not warranted. Tippens v. Celotex Corp., 805 F.2d 949, 954 (11th Cir. 1986).

### b. Discussion

As Plaintiff has stated in his response, Defendants' motion fails to identify exactly which claims they contend are subject to summary judgment. Indeed, Defendants' motion is not the picture of clarity; however, in their reply, they attempt

to explain by stating that their motion "seeks to narrow the issues" because the amount claimed by Plaintiff cannot be sustained as a matter of law. (Doc. No. 50.) This is not as helpful as Defendants seem to believe. The motion itself contains citations to depositions which were never attached or filed, as well as facts which are not included in their Statement of Material Facts. As a result, the Court has been forced to decipher it to determine what, exactly, they are asking for and how they claim such a holding is supported by the record. It appears that Defendants are asking the Court to find that Crowley is only entitled to $22,114.72 on his breach of contract claim against Guarded Systems, and that all of his other claims against Guarded Systems and against Syed personally are due to be dismissed. Defendants do not substantively address their own counterclaims, and the Court can only presume they were not meant to be included in this motion for partial summary judgment.

Further, as previously mentioned, the main support for Defendants' motion is the affidavit of Adnan Syed. The Statement of Material Facts filed by Defendants is a replica of the Syed Affidavit, with a few additional citations to the Complaint and to portions of depositions which were not included with the motion. Plaintiff implies, if he does not outright claim, that the Syed Affidavit is a sham and should be disregarded in its entirety. However, it cannot be said with certainty that all of the statements in the affidavit are contrary to "clear answers to unambiguous questions" previously provided in a deposition, see Tippens v. Celotex Corp., 805 F.2d at 954,

thus the Court cannot strike it in full as a sham. The Syed Affidavit is certainly an oddity, but it is not the place of the Court to weigh the evidence on a motion for summary judgment. Accordingly, the affidavit will be considered to the extent it is not clearly contradictory to previously given testimony and where it does not state a legal conclusion.

### i. *Breach of Contract*

Guarded Systems does not dispute that there was an employment contract between the parties, and that Crowley would be owed money but for Guarded Systems' counterclaims against him. However, Defendants argue that "Guarded Systems has had to undertake its own independent analysis, deviating from the means of calculation that Crowley employed" in order to determine what is actually owed to Plaintiff. (Doc. No. 40-1, pg. 13.) Thus, by their own admission, there is a dispute as to the proper formulation of moneys owed to Crowley. Indeed, the depositions and declarations submitted by Syed and Crowley indicate that the two men claim that Crowley was owed different commission rates; Syed now purports that the rate was always 5%, and Crowley asserts that it was altered to 10% when he was no longer to be paid a salary. This assertion is supported by Syed's own deposition testimony.[3] (Doc. No. 41-1, ¶ 22, Doc. No. 46-4, pgs. 121-123.) Further, the parties dispute which accounts Crowley was owed commissions for. Under these

---

[3] This is one instance where the Syed Affidavit is inherently inconsistent with previously given clear testimony. Accordingly, this portion of the affidavit is stricken. See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc., 736 F.2d 656, 656-657 (11th Cir. 1984).

facts, summary judgment is not appropriate as to Guarded Systems on the breach of contract claim.

Defendants also contend that Syed was not a party to the employment contract between Crowley and Guarded Systems, and thus, cannot be held liable on it. Plaintiff has countered by identifying portions of the record which would support a finding that Syed represented he would be personally responsible for any unpaid moneys due to Plaintiff, including both past unpaid wages and future compensation. They argue that the elements of breach of an oral contract are supported by the facts on the record. However, pursuant to the Statute of Frauds, codified at O.C.G.A. § 13-5-30(2),[4] a promise to answer for the debt of another must be in writing and signed by the promisor. <u>Charles S. Martin Distributing Co., Inc. v. Bernhardt Furniture Co.</u>, 213 Ga. App. 481, 445 S.E.2d 497 (Ga. App. 1994). It is undisputed that there was no written agreement wherein Syed agreed to be personally responsible for the money owed to Crowley by Guarded Systems, therefore he cannot be held personally liable on the contract between those parties.

### ii. *Fraud in the Inducement*

In Georgia, rather than attacking the terms of an underlying contract, a claim for fraud in the inducement attacks the circumstances surrounding the transaction or making of the contract. <u>Picken v. Minuteman Press Int'l, Inc.</u>, 854 F.Supp. 909, 911 (N.D. Ga. 1993). The following elements are necessary to establish a cause of action

---

[4] Defendants incorrectly cite O.C.G.A. § 13-5-20 in their motion. This code section does not exist.

for fraud: "1) false representation by the defendant, 2) with knowledge of the falsity, 3) with the intent to deceive plaintiff or to induce plaintiff into acting or failing to act, 4) on which plaintiff justifiably relied, 5) with proximate cause of damages to plaintiff." Worsham v. Provident Cos., Inc., 249 F.Supp.2d 1325, 1331 (N.D. Ga. 2002). Further, "a promise made without the present intention to perform can create a cause of action for fraud in the inducement." J'Carpc, LLC v. Wilkins, 545 F. Supp.2d 1330, 1340 (N.D. Ga. 2008) (citing Buckley v. Turner Heritage Homes, Inc., 248 Ga. App. 793, 547 S.E.2d 373, 375 (2001)).

Defendants appear to utilize an improper standard for arguing their point on this claim, stating that fraud must be pled with particularity. This is a pleading standard, used to determine motions to dismiss, and is inappropriate to consider at the summary judgment stage. Rather, at this point in the litigation and as the movants, Defendants must show the Court which evidence, or lack thereof, demonstrates that Plaintiff cannot carry his burden on each of the requisite elements. See Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Not only have they failed to do this, but Defendants admit in their motion that Crowley was not paid in accordance to the terms of the agreement. Crowley has introduced evidence which shows that Guarded Systems already owed him tens of thousands of dollars when Syed continued to promise that he would be paid. Taken together, these facts could lead to the reasonable inference that there was never an intention to pay him the full

amount he was being promised. The Court finds these facts similar to those in <u>Paul Gauguin Cruises, Inc. v. eContact, Inc.</u>, wherein the evidence on the record was sufficient for a jury to reasonably infer that the defendant had no intent to repay money provided to him as an advance, despite his having testified that his intent was always to earn the money back, where he refused to return the funds when the plaintiff demanded repayment. 576 Fed. App'x 900 (11th Cir. 2014). The Eleventh Circuit held that the grant of summary judgment was inappropriate, because it necessarily involved a determination of a witness' credibility. In the case at bar, there are competing affidavits from Plaintiff and Defendant Syed, as well as contradictory deposition testimony. These conflicts in the record are sufficient to create a genuine issue of a material fact. Thus, summary judgment is inappropriate.

### *iii.* *Unjust Enrichment*

According to Georgia law, "[t]he theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." <u>Smith Serv. Oil Co. v. Parker</u>, 250 Ga. App. 270, 549 S.E.2d 485, 487 (Ga. App. 2001). Defendants argue that because they concede there was a contractual agreement between the parties, the claim for unjust enrichment necessarily fails. However, while a party may not be able to recover for both a breach of contract claim and one for unjust enrichment, they may be pled in the alternative and a Plaintiff may be able to recover under a theory of unjust enrichment if the contractual claim fails. <u>Clark v. Aaron's, Inc.</u>, 914

F.Supp.2d 1301, 1309 (N.D. Ga. 2012). Alone, the fact that Plaintiff has pled a breach of contract claim is not dispositive of his claim for unjust enrichment. Because this is the only argument that Defendants make in opposition to the unjust enrichment claim, it cannot be said that summary judgment is warranted. Indeed, Plaintiff argues that the negotiations in 2010 did not culminate in a contract, but that he continued to work pursuant to the understanding reached as a result of those discussions. His testimony and that of Syed differs on this point, and the Court is unable to find, as a matter of law, that Plaintiff has no evidence to support his claim for unjust enrichment. Certainly Defendants have not shown any such lack of evidence. Rather, the evidence indicates that Crowley conferred the benefit of his services upon Guarded Systems and may not have been adequately compensated in return.

### iv. *Syed's Personal Liability*

As Plaintiff has rightly noted, a corporation may be held vicariously liable for the torts of its agent where they are committed in the prosecution of and within the scope of its business. O.C.G.A. § 51-2-2. "[O]ne who is damaged as the result of a tort that is actually committed by a corporate agent may sue either the individual agent … the corporation … or the injured party can sue both." Smith v. Hawks, 182 Ga. App. 379, 384, 355 S.E.2d 669, 675 (1987). Plaintiff in this case has chosen the third option and sues Syed along with Guarded Systems. Because Defendant has not pointed to any lack of evidence on the elements of Plaintiff's claims for unjust

enrichment and fraud in the inducement, these claims against Syed and Guarded Systems will proceed.

On a closing note, the Court would like to make the observation that this case is a veritable "he said/he said." Contrary to Defendants' assertions, there appear to be almost nothing but disputed facts. Indeed, the parties cannot even seem to agree on Plaintiff's job title during his period of employment with Guarded Systems or the commission rate he was due to be paid. With the exception of the breach of contract claim against Adnan Syed personally, which fails under the statute of frauds, Defendants have completely failed to show that there is no genuine dispute of material facts such that summary judgment would be appropriate.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion for Partial Summary Judgment (Doc. No. 39) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claim for breach of contract against Defendant Syed is **DISMISSED**. The parties are hereby **ORDERED** to confer and file with the Court a Proposed Consolidated Pretrial Order within 30 days from the date of this Order.

**IT IS SO ORDERED** this 26th day of March, 2015.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia